UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4966

BRANDON LEIGH CINTRON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-126-A)

Submitted: August 4, 1998

Decided: September 1, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jerry L. Hall, Jr., TATE & BYWATER, LTD., Vienna, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, LeDora Knight,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brandon Leigh Cintron appeals his conviction for armed bank robbery and for using and carrying a firearm during and in relation to a crime of violence. Cintron alleges that the district court erred by refusing to allow him to withdraw his guilty plea and that his counsel was ineffective for failing to explore his history of mental illness prior to the plea. For the reasons that follow, we affirm.

At the plea hearing, Cintron stated that he knowingly and voluntarily pled guilty to the offenses, and that he generally was satisfied with his attorney.[1] The record reflects that the court complied with the dictates of Fed. R. Crim. P. 11 in all respects. Although Cintron stated that at the time of the hearing he was not being treated for any physical or mental condition, he did state that he had previously been treated in 1992 or 1993 for depression and attempted suicide.[2] The court then ordered the parties to investigate Cintron's mental health history. Based upon an evaluation by a clinical psychologist which concluded that "it appears that Brandon's offense, was in some respects a `product' of his mental illness," [3] Cintron filed a motion to withdraw his guilty plea. In opposing the motion, the Government noted that the defense psychologist agreed with its mental evaluations that Cintron, at the time of his offense, knew the difference between right and wrong.[4] The court applied the six-factor test set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and denied Cintron's motion to withdraw his guilty plea.

We review the district court's denial of the motion to withdraw the

---

[1] Cintron did, however, express dissatisfaction with the fact that his attorney refused to file a second bond motion and the level of his attorney's aggressiveness. (JA 85-86).
[2] (JA 77, 98-99).
[3] (JA 122).
[4] Cintron's psychologist stated in his evaluation that "it appears that Brandon certainly did apprehend the difference between right and wrong at the time of the offense." (JA 123).

2

guilty plea under Fed. R. Crim. P. 32(e) for an abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305-06 (4th Cir. 1996) (stating standard of review). Withdrawal of a guilty plea is not a matter of right. See Moore, 931 F.2d at 248. The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. See Fed. R. Crim. P. 32(e); United States v. Hyde, ___ U.S. ___, 117 S. Ct. 1630, 1631 (1997). "[A] `fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule [Fed. R. Crim. P.] 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id. Courts consider six factors in determining whether to permit the withdrawal of a guilty plea: (1) whether defendant offered credible evidence that the plea was not knowing or voluntary; (2) whether defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether defendant had assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See Moore, 931 F.2d at 248. The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. See Lambey, 974 F.2d at 1393-94.

Cintron primarily contends that he should be allowed to withdraw his guilty plea because counsel provided ineffective assistance by failing to adequately investigate his history of mental illness prior to the plea.[5] For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, counsel's performance must fall "`below an objective standard of reasonableness,'" and prejudice must be shown by demonstrating that absent the substandard performance, "`there is a reasonable probability that [defendant] would not have pleaded guilty and would have insisted on going to trial.'" United

_____

[5] To the extent Cintron raises other claims of ineffective assistance of counsel that are unrelated to the withdrawal of his guilty plea, such claims should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

3

States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (quoting United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989)). Only if counsel's ineffectiveness was of constitutional magnitude, may a defendant withdraw a guilty plea. See id.

Based upon these facts we do not find that the district court abused its discretion in denying Cintron's motion to withdraw his guilty plea. At a hearing on the motion, the district court carefully applied the six-factor test announced in Moore finding that: Cintron offered no credible evidence that his plea was unknowing or involuntary or that he asserted his legal innocence;[6] no existing delay between his plea and motion to withdraw; Cintron had close assistance of competent counsel; and the withdrawal would not particularly prejudice the Government, inconvenience the court, or waste judicial resources. The court rejected Cintron's position that his mental health evaluation supported an insanity defense. Based upon the facts of the crime and the evaluations of Cintron's mental state, we do not find that the district court abused its discretion in denying the motion to withdraw. Neither do we find Cintron's attorney was ineffective for allowing his client to plead guilty. See Wilson, 81 F.3d at 1305-06. The record reveals that Cintron's attorney determined that an insanity defense would be unavailing based upon his investigation of the crime, Cintron's methodical approach to the robbery, Cintron's detailed confession to the police, and Cintron's state of mind at the time of the crime. Indeed, defense counsel's determination that Cintron could not credibly assert an insanity defense was supported by Cintron's subsequent mental evaluations.[7] Thus, we do not find Cintron suffered from ineffective assistance of counsel in this regard. See United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995) (holding that if facts surrounding defendant's alleged defense are inadequate as a matter of law, counsel cannot be considered ineffective under Moore). Accordingly, we affirm the convictions.

We dispense with oral argument because the facts and legal conten-
_____

[6] Cintron admitted his crime to the police, which was consistent with witnesses and other evidence gathered in the investigation.
[7] See 18 U.S.C. § 17 (1994) (stating federal standard for insanity defense).

4

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED