**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4408

MAURICE ALBERT JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-98-3-PJM)

Submitted: February 26, 1999

Decided: March 25, 1999

Before ERVIN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joshua R. Treem, Harry Levy, SCHULMAN, TREEM, KAMINKOW
& GILDEN, P.A., Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Rod J. Rosenstein, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Maurice Albert Johnson appeals his conviction and sentence entered pursuant to his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a) (1994). Johnson's plea agreement contemplated the possibility that the Government would move for a reduction of Johnson's sentence if Johnson provided the Government with substantial assistance. See United States Sentencing Guidelines Manual § 5K1.1 (Nov. 1997). The Government retained the "sole discretion" of determining whether Johnson had rendered assistance sufficiently substantial to warrant a motion for a downward departure. When called upon to testify against an alleged co-conspirator, however, Johnson initially refused. As a result of his refusal, the Government did not call him as a witness in the alleged co-conspirator's prosecution and eventually declined to file a motion under § 5K1.1.

When informed of the Government's intention at sentencing, Johnson requested that he be allowed to withdraw his guilty plea. See Fed. R. Crim. P. 32(e). Finding Johnson's plea entirely voluntary, the district court denied Johnson's motion. Johnson then sought to have the district court compel the Government's motion for a downward departure. The district court noted that the Government had retained discretion regarding the propriety of such a motion and declined to compel the Government to seek a downward departure. Without the benefit of the departure, the district court sentenced Johnson to 168 months imprisonment. Johnson appeals.

As a threshold matter, Johnson contends that the district court erred by accepting a guilty plea that was not knowing and voluntary. Johnson claims that the district court erred in failing to inquire whether Johnson understood that the Government retained sole discretion in determining his eligibility for a substantial assistance reduction. As a result, suggests Johnson, his plea was unknowing and involuntary. The district court complied in all respects with Fed. R. Crim. P. 11. An "appropriately conducted Rule 11 proceeding . . . must be recognized to raise a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). In determining whether the proceeding comported with Rule

2

11, "this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, any technical violation of the Rule is evaluated for harmless error. See Fed. R. Crim. P. 11(h); DeFusco, 949 F.2d at 117. As a result, this Court may vacate a conviction resulting from a guilty plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117.

In this case, the district court conducted a thorough hearing, insuring that Johnson understood the rights he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Johnson's plea was voluntary and that a factual basis existed for his plea. Johnson provides no support for the contention that the district court was required to query Johnson further regarding a specific and bargained-for provision of the plea agreement. The unambiguous provision leaving the determination of Johnson's "substantial assistance" to the sole discretion of the Government was contained in the plea agreement and emphasized as one of the elements of the agreement by the prosecution at the hearing. Accordingly, we find that the district court fully complied with Rule 11 and properly found that Johnson's plea was knowing and voluntary. See id. at 116-17.

Johnson next argues that the district court abused its discretion in not allowing the withdrawal of his guilty plea after Johnson learned that the Government would not file a motion under§ 5K1.1. The withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 118 (4th Cir. 1992) (citing Fed. R. Crim. P. 11(e)(2)); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (citing Fed. R. Crim. P. 32 (d)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal even in the absence of a showing of prejudice by the Government. See Fed. R. Crim. P. 32(e); United States v. Hyde, 117 S. Ct. 1630, 1634 (1997); Moore, 931 F.2d at 248. "[A] `fair and just' reason . . . is one that essentially challenges either the fairness of the Rule 11 proceeding . . . or the fulfillment of a promise or condition emanating from the proceeding." Lambey, 974 F.2d at 1394. We review the district court's denial of the motion to withdraw the plea for an abuse of dis-

3

cretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In order to abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In this case, there is no evidence of an abuse of discretion apparent from the record and Johnson has identified none. The district court did not rely on an erroneous legal or factual premise to exercise its discretion in denying the motion. Generally, courts consider six factors in determining whether to permit the withdrawal of a guilty plea: (1) whether the defendant offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether the defendant had the assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See Moore, 931 F.2d at 248.

In attempting to show an abuse of discretion on the part of the district court, Johnson states only that, on the balance, the Moore criteria weighed in favor of withdrawing the plea. Johnson's mere disagreement with the district court's conclusions does not amount to an abuse of the court's discretion. The district court considered the voluntariness of the plea in light of the thorough Rule 11 hearing conducted before the plea was accepted. In the absence of an abuse of discretion, we find no cause to disturb the district court's ruling.

Finally, Johnson's argument that the Government breached the plea agreement by failing to move for a downward departure based on substantial assistance is similarly without merit. The plea agreement provides that the determination was within the "sole discretion" of the Government. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). As a result of this discretion, the decision not to file a § 5K1.1 motion is not reviewable unless the Government either based its decision upon an unconstitutional factor or if the Government's reasoning is not rationally related to a legitimate government objective. See Wade v. United States, 504 U.S. 181, 185-87 (1992). In this case, the Government determined that Johnson had not provided substantial

4

assistance because he was unwilling to testify against his alleged accomplice. As a result of his recalcitrance, the Government concluded that Johnson would not have made an effective witness, and, as a result, did not provide substantial assistance. Johnson has made no credible assertion, either in the district court or on appeal, that the Government's decision not to file a § 5K1.1 motion was either irrational or impermissibly motivated. Accordingly, that discretionary determination is not reviewable. See id.

Finding no merit to Johnson's challenges to his conviction and sentence, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5