**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 97-4987

ABDULLAH RASOOL SHAKOOR, a/k/a
Lee McDonald,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4385

ABDULLAH RASOOL SHAKOOR, a/k/a
Lee McDonald,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 98-4477

ABDULLAH RASOOL SHAKOOR, a/k/a
Lee McDonald,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
Terrence W. Boyle, Chief District Judge.
(CR-97-64-BO)

Submitted: September 21, 1999

Decided: October 8, 1999

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dean R. Davis, Wilmington, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abdullah Shakoor pled guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994), and was sentenced to a 320-month prison sentence. He appeals his conviction and sentence, asserting, through counsel, that the district court abused its discretion in denying his pro se motions to withdraw his guilty plea because the court ruled on the motions without first conducting an evidentiary hearing on his claims that counsel had a conflict of interest and coerced him into pleading guilty. Shakoor also contends that counsel provided ineffective assistance. We affirm.

We review the district court's denial of the motions to withdraw the guilty plea for an abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Withdrawal of a guilty plea is not a matter of right. See United States v. Moore , 931 F.2d 245, 248 (4th

2

Cir. 1991). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. See Fed. R. Crim. P. 32(e); United States v. Hyde, 520 U.S. 670, 671 (1997). We have considered Shakoor's arguments on appeal and find that the district court did not abuse its discretion in denying Shakoor's motions to withdraw his guilty plea without first conducting a hearing. See Moore, 931 F.2d at 248 (discussing factors courts consider in deciding whether to permit withdrawal of plea); see also United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (providing standard for ineffective assistance claim in context of withdrawal of plea).

Next, Shakoor contends that his counsel provided ineffective assistance by failing to file a motion to withdraw the guilty plea and present argument on his behalf at the hearing on the motion. Generally, claims of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 1999), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find that Shakoor has failed to meet the requisite showing to raise these claims on direct appeal. See id.

Finally, Shakoor has moved to file a pro se supplemental brief, in which he contends that he should have been permitted to withdraw his guilty plea because he was actually innocent and that counsel was ineffective for withholding the allegedly exculpatory information. Although we grant Shakoor's motion, we find no abuse of discretion in the district court's refusal to permit Shakoor to withdraw his guilty plea on the ground alleged in the pro se supplemental brief and decline to address his ineffective assistance of counsel claim on direct appeal.

We therefore affirm Shakoor's conviction and sentence. We deny his motion to have court-appointed counsel removed from the case and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3