UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 98-4861

STEPHEN MICHAEL BREEDLOVE,
            *Defendant-Appellant.*


UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 99-4207

HILDA I. C. MICHAELS,
            *Defendant-Appellant.*


Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-154-MU)

Submitted: October 26, 2000

Decided: April 20, 2001

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

## COUNSEL

Paul Pooley, Durham, North Carolina; Randolph M. Lee, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Stephen Michael Breedlove and Hilda I.C. Michaels pled guilty to conspiracy to possess Dilaudid with intent to distribute, in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, Breedlove challenges the district court's denial of his motion to withdraw his guilty plea, and Michaels contends that the district court misperceived its authority to depart based on a combination of factors. We affirm Breedlove's conviction and dismiss Michaels' appeal.

### I.

Breedlove argues that the district court erred in denying his motion to withdraw his guilty plea. He contends that he was not required to articulate a fair and just reason for withdrawal because he moved to withdraw his plea after the magistrate judge conducted his plea hearing, in accordance with Fed. R. Crim. P. 11, but before the district court accepted his plea. Because Breedlove did not rely on this argument below, we review the district court's denial of his motion to withdraw for plain error. *United States v. Bowens*, 224 F.3d 302, 314 (4th Cir. 2000) (providing standard).

At the conclusion of the Rule 11 hearing, the magistrate judge recommended accepting Breedlove's plea but deferred acceptance of the

plea and plea agreement to the district court. In *United States v. Hyde*, 520 U.S. 670 (1997), the Supreme Court held that, when the defendant sought to withdraw his guilty plea after the district court had accepted the plea but before the district court had accepted the plea agreement, the defendant could not withdraw his plea unless he had shown a "fair and just reason" for doing so. 520 U.S. at 673-74; *see United States v. Grant*, 117 F.3d 788, 790-92 (5th Cir. 1997) (holding that defendant must show fair and just reason for withdrawal of plea where district court conducts Rule 11 colloquy but defers acceptance of plea and plea agreement until it reviews presentence report); *United States v. Ewing*, 957 F.2d 115, 119 (4th Cir. 1992) (finding that once guilty plea is accepted by court, regardless of whether plea agreement is accepted, defendant is bound by his choice and may withdraw plea only by showing either fair and just reason or by withdrawing after rejection of plea agreement).

Given that Breedlove consented to have the magistrate judge preside over his Rule 11 hearing and tendered his plea at that time, the magistrate judge's recommendation to accept his plea is binding. *See Hyde*, 520 U.S. at 677 ("Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.") (internal quotation marks and citations omitted); *United States v. Dees*, 125 F.3d 261, 266-69 (5th Cir. 1997) (collecting cases holding that magistrate judge's taking of guilty plea does not violate Article III guarantees). We therefore find no plain error in requiring Breedlove to articulate a "fair and just reason" to justify the withdrawal of his plea. We also agree with the district court's analysis of the factors enunciated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and its ultimate determination that Breedlove did not present a "fair and just reason" to warrant the withdrawal of his guilty plea. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review).

## II.

Hilda I.C. Michaels contends that the district court erred in finding that it did not have the authority to depart based on a "combination of factors" theory. Our review of the record leads us to conclude that

the district court recognized its authority to depart but chose not to exercise its discretion to do so. When the court recognizes its authority to depart but chooses not to, the decision is not reviewable on appeal. *See United States v. Edwards* 188 F.3d 230, 238-39 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 968 (2000); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). We therefore dismiss Michaels' appeal.

## III.

For the reasons stated, we affirm Breedlove's conviction and dismiss Michaels' appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND DISMISSED IN PART*

---

*We have considered the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and find that, because Breedlove's and Michaels' sentences of imprisonment and terms of supervised release do not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), their sentences are permissible under *Apprendi*.