**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4777

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STANLEY MCCOY CROSS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior
District Judge.  (5:05-cr-00124-H)

Argued:  September 28, 2007          Decided:  December 5, 2007

Before WILLIAMS, Chief Judge, GREGORY, Circuit Judge, and Samuel G.
WILSON, United States District Judge for the Western District of
Virginia, sitting by designation.

Affirmed by unpublished opinion.  Judge Gregory wrote the opinion,
in which Chief Judge Williams and Judge Wilson concurred.

**ARGUED:** Anthony Emerson Flanagan, Raleigh, North Carolina, for
Appellant. Banumathi Rangarajan, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.  **ON BRIEF:** George E. B. Holding, United States Attorney,
Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding in this circuit.

GREGORY, Circuit Judge:

The appellant, Stanley McCoy Cross (Cross), was convicted and sentenced to 96 months incarceration for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (West 2000) and possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924 (West 2000).  Cross argues that the case should be remanded to the United States District Court for the Eastern District of North Carolina ("district court") because (1) during his arraignment/Rule 11 colloquy, the district court failed to inform Cross that his previously withdrawn motion to suppress could not be "restored", and (2) the district court improperly denied Cross's motion to re-file his motion to suppress.[1]  We affirm the judgment of the district court.

I.

On August 18, 2005, the district court issued a pretrial scheduling order for Cross's trial.  The order stated that "[a]ll pretrial motions, including motions to compel discovery, motions to suppress, and motions under Rule 7, 8, 12, 13, 14, 16, and 41, Fed.

---

[1]Cross also asks us to consider whether the district court should have had a probable cause hearing to discuss Cross's allegation that he was not given Miranda warnings.  (Appellant's Br. 2.)  Since Cross included this issue in his initial motion to suppress, the analysis in Part II is equally applicable to this contention.

R. Crim. P., shall be filed no later than September 11, 2005" and that "[u]ntimely motions...may be summarily denied." (J.A. 15.)

On January 6, 2006, Cross filed a motion to suppress all of the evidence seized at the scene of the alleged crime (i.e., the handgun, ammunition, crack cocaine, and statements made to the police) along with the statements Cross made to the police during his subsequent incarceration. On January 17, 2006, Cross filed a Motion to Permit Tardy Filing of Affidavit. On February 6, 2006, the Government filed its response to Cross's motion to suppress.

On February 10, 2006, a suppression hearing took place before Magistrate Judge David W. Daniel. At the hearing, Cross withdrew his motion to suppress and a plea agreement was presented to the court.[2] On February 22, 2006, a notice of hearing for Cross's arraignment was sent out to all the parties.

On March 6, 2006, Cross was arraigned before the magistrate judge. At the outset of the hearing, Cross's attorney, Joshua Willey, Jr., (Willey) asked for a continuance. The Government's attorney, John Bennett (Bennett),[3] stated he had no opposition to the continuance and that Willey had informed him that Cross had changed his mind about the plea agreement and would enter a not guilty plea.

---

[2]The transcript of the hearing is not a part of the record.

[3]Assistant United States Attorney (AUSA) Bennett was sitting in for AUSA Skiver, the attorney assigned to this case.

Thereafter, a brief discussion ensued over Cross's request for a new attorney to replace Willey. The magistrate judge ultimately denied[4] Cross's request, but gave Cross the option of continuing the arraignment or moving forward with the arraignment as scheduled. Cross responded, "I'd rather move forward." (J.A. 65.)

After the magistrate judge called for a brief recess in order to allow Cross another opportunity to discuss the plea agreement with Willey, the Rule 11 colloquy commenced. The magistrate judge methodically followed the mandates of Rule 11 of the Federal Rules of Criminal Procedure throughout the colloquy, focusing on Cross's understanding of the plea agreement. When the magistrate judge asked if Cross understood "the terms, the language, the words, the sentences, even the fancy legal words and phrases used in the plea agreement," Cross replied in the affirmative. (J.A. 75.) Despite Cross's apparent understanding of the plea agreement, the magistrate judge called a bench conference in which the following conversation took place:

---

[4]Cross had several complaints about the attorneys assigned to represent him. After Cross filed a motion pro se to dismiss his first appointed attorney, the district court dismissed that attorney and replaced him with Willey. After the magistrate judge denied Cross's request to replace Willey at the arraignment, Cross informed the district judge by a letter dated March 14, 2006, that Willey had "deceived and manipulated" him. (J.A. 92.) On March 20, 2006, Willey filed a motion to withdraw as counsel based on Cross's allegations of professional and ethical misconduct. (J.A. 87-91.) The district court denied Cross's request and Willey's motion, stating that it was "tired of [Cross's] constant dissatisfaction with the experienced and competent attorneys appointed to represent him." (J.A. 93.)

4

| | |
|---|---|
| Judge: | Obviously Mr. Cross is not sure what he wants to do...My inclination would be just to go ahead and take a not guilty plea from him... |
| Bennett: | ...I think the only thing we can do at this point is the Court to enter a not guilty plea for him and schedule it for trial.  If in fact he changes his mind ultimately by the time [District] Judge Howard sets for trial, you know, [the plea agreement is] still operative.  But [Cross] just clearly doesn't appear that he wants to do it. |
| Judge: | I don't feel comfortable accepting his plea based upon his conduct in court today.  At the same time, I don't want to do anything that's going to work to his long term disadvantage if that were foreclosed.  Mr. Bennett, that would not foreclose him from attempting to? |
| Bennett: | I can speak for [AUSA] Skiver in that regard.  I've never known him to take it as a matter that would be foreclosed.  He would consider it again.  But he's not acting like a man who wants to plead guilty today. |
| Judge: | That's the Court's impression. |
| Willey: | I'd rather just continue it. |
| Judge: | I'm not, based on his correspondence, having trouble in doing that.  I'm going to ask him.  I'm going to enter a plea of not guilty for him and I'll ask you to go back and talk with Judge Howard to set a trial date.  I'm going to say on the record that I understand he would still be able to potentially work out something with the government to enter into that plea agreement or have it enforced prior to that trial date.  I think in essence that would operate like a continuance as a practical matter. |

Willey:            Yes, sir.

(J.A. 75-76.)    Immediately after the bench conference, the magistrate judge and Cross had the following discussion:

Judge:          Mr. Cross, I've just spoken with your attorney as well as the attorney for the government.   I'm concerned because you appear to be quite anguished by this, which is understandable.   As such, I don't feel that I can accept that Memorandum of Plea Agreement today based on your concern.   Now if I'm not reading that correctly, you need to let me know right now.   Do you have concern over the plea agreement?

Cross:          Yes.

Judge:          You do, okay.   I'm going to enter a plea based on what I've seen.   I'm going to enter a plea of not guilty on your behalf because of what's happened here today. Now Mr. Bennett, on behalf of Mr. Skiver, the U.S. Attorney, has said that this Memorandum of Plea Agreement will remain in your file and if you decide that you want to proceed with that, Mr. Willey can assist you in doing that and working something out with Mr. Skiver.  But based on what's happened here in court today, I'm left with no other option other than to plead not guilty for you.   Is that your desire?

Cross:          Yes.

(J.A. 77-78.)  Prior to the close of the hearing, the magistrate judge reiterated that Cross would be able to proceed with the change of plea at a later date should he choose to do so.   The magistrate judge did not discuss whether Cross would be permitted to re-file his motion to suppress.

6

On March 6, 2006, Senior United States District Judge Malcolm Howard scheduled jury selection and trial for March 27, 2006. (J.A. 80.)  On March 20, 2006, Cross filed a Motion to Refile Suppression Motion.  (J.A. 83-86.)  Cross did not provide the court with any reason for the tardiness of his motion.  On March 21, 2006, Judge Howard denied the motion.  (J.A. 94-97.)  On March 29, 2006, after a two day trial, Cross was found guilty on both counts of the indictment.  (J.A. 431-434.)  On July 12, 2006, Judge Howard sentenced Cross to 96 months incarceration on both counts to run concurrently and three years supervised release as to each count which would also run concurrently.  (J.A. 453.)  This appeal followed.

## II.

### A.

A district court's compliance with Rule 11 of the Federal Rules of Criminal Procedure is evaluated under a "harmless error" standard.  Fed. R. Crim. P. 11(h)[5]; <u>United States v. DeFusco</u>, 949 F.2d 114, 117 (4th Cir. 1991).  A district court's decision to grant or deny an untimely motion to suppress is reviewed for "clear error."  <u>United States v. Ruhe</u>, 191 F.3d 376, 385 (4th Cir. 1999).

---

[5]Fed. R. Crim. P. 11(h):  " A variance from the requirements of this rule is harmless error if it does not affect substantial rights."

Cross argues that the magistrate judge was required to inform him that he was losing his right to file a pretrial motion during the arraignment. As a result, Cross states that he was "unduly prejudiced" and his "substantive rights" were violated. (Appellant's Br. 9.) The Government argues that the Federal Rules of Criminal Procedure do not require the district court to provide any information to a defendant concerning rights relating to the filing of pretrial motions. (Appellee's Br. 14.) For the reasons below, we reject Cross's argument.

Rule 11 requires that before a district court can accept or reject a change of plea, it must conduct a plea colloquy during which it advises and questions the defendant about specific issues, including his waiver of certain rights, the nature of each charge to which the defendant is pleading, and any minimum and maximum possible penalty he faces. Neither Rule 11's literal text nor the advisory notes require that a district court advise the defendant about how it will handle pretrial motions, including the filing of such motions after the deadline established by the court.

In further support of his claim, Cross cites to case law from our Circuit and the Supreme Court. In particular, Cross relies on the Supreme Court's decision in United States v. Hyde, 520 U.S. 670 (1997). The central issue in Hyde was whether a defendant could withdraw his guilty plea without complying with Rule 32(e) of the

8

Federal Rules of Criminal Procedure,[6] which requires that a defendant provide the court with a "fair and just reason" for the withdrawal. Cross contends that Hyde stands for the proposition that upon refusing to accept a plea agreement, a court must advise a defendant that it is not bound by the plea agreement, give him an opportunity to withdraw his plea, and warn the defendant that withdrawal of his plea may lead to a less favorable disposition. Cross argues that due to the district court's rejection of his plea agreement and guilty plea *sua sponte*,[7] Cross did not receive any warning that he would be "proceed[ing] under much more treacherous conditions." (Appellant's Br. 12.) As a result, Cross contends that the "denial of his opportunity to contest the probable cause in this matter was improper." (Appellant's Br. 12.)

The Government responds, and we agree, that Cross's comparison to Hyde is misplaced because that decision concerned the entry and withdrawal of guilty pleas. Cross, on the other hand, did not enter or withdraw a guilty plea, but rather "a not guilty plea was entered on his behalf, with his acquiescence." (Appellee's Br.

---

[6]Rule 32(e) became Rule 11(d) and (e). The relevant portion is currently located in Rule 11(d)(2)(B).

[7]As we previously discussed, the record does not support Cross's version of the events. The transcript of the arraignment clearly shows that the court entered a plea of not guilty with Cross's explicit acquiescence.

13.)  Thus, neither <u>Hyde</u> nor any of the other cases[8] Cross cites address the dispositive issue - i.e., whether a district court is required to notify the defendant of any rights relating to pretrial motions at an arraignment and/or change of plea hearing.  As such, those cases are inapposite to the current inquiry.

Overall, "[i]n reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant."  <u>DeFusco</u>, 949 F.2d at 116.  The trial court's Rule 11 colloquy/arraignment[9] did not harm any of Cross's procedural or substantive rights.  As such, Cross's argument must fail.

C.

The district court denied Cross's motion to re-file his motion to suppress based on our precedent, including <u>United States v. Chavez</u>, 902 F.2d 259 (4th Cir. 1990) and Cross's failure to comply with the "good cause" requirement in Rule 12(e) of the Federal Rules of Criminal Procedure.  Specifically, the district court denied the motion because (1) it was filed "more than two months"

---

[8]Cross cites to Fourth Circuit jurisprudence holding that Rule 11 allows a court to enter a plea of guilty separately from its decision to accept or reject a change of plea agreement. <u>See e.g.</u>, <u>United States v. Ewing</u>, 957 F.2d 115, 118-119 (4th Cir. 1992).  As the instant case does not involve this issue, further discussion of these cases, including <u>Ewing</u>, is not necessary.

[9]Rule 10 of the Federal Rules of Criminal Procedure provides guidance to district courts on how arraignments must be conducted. Cross does not provide any evidence that the district court failed to follow any aspect of this rule.

after the pretrial motions deadline had passed and over a month after Cross "withdrew his initial motion to suppress," (2) Cross "only had himself to blame" for not filing the motion on time, since he "failed to abide by the terms of a plea agreement and altered his plea at his arraignment on March 6, 2006," (3) there was no evidence that the Government did anything that "led to the predicament in which defendant now finds himself," and (4) Cross did not receive any additional information from any source after the filing deadline which "alerted defendant to facts on which a motion to suppress might be based." (J.A. 95-96.) In addition, the court held that Cross's motion did not meet the "good cause" threshold of Rule 12(e).[10]

Cross argues that the district court's denial of his motion to re-file constituted clear error, in part, because it incorrectly distinguished the instant case from prior Fourth Circuit precedent, including Chavez.[11] The Government responds that the district court

---

[10]Fed. R. Crim. P. 12(e): "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver."

[11]Cross also argues that he wanted to plead guilty, and was prevented from doing so by the magistrate judge. For example, Cross states that during the arraignment, "[t]hough Appellant had entered a Memorandum of Plea, the magistrate judge entered a plea of not guilty for Appellant due to the doubts and issues expressed by Appellant. The withdrawal was not at Appellant's request." (Appellant's Br. 5.) Cross's claim is patently false. As we previously discussed, the magistrate judge provided Cross with several opportunities to speak directly with the court and with his attorney in order to clarify his intentions regarding the plea

11

properly denied Cross's untimely motion to suppress because Cross possessed all of the information necessary to file the motion in a timely manner, and Cross did not provide the district court with good cause justifying the tardiness of the motion.

Since both the district court and Cross cite to our decision in Chavez, it is worth setting out the facts of that decision in some detail. The defendant, Leonardo Chavez, moved for a suppression hearing eleven days prior to his trial. The delay in filing the suppression motion rested squarely on the United States since it did not turn over evidence directly relevant to the suppression issue until one day before the filing. The United States would have suffered no prejudice if the court had granted the defendant's motion for a suppression hearing. Nonetheless, the district court denied the defendant's motion and after an appeal, we reversed, holding:

> We are not unmindful of the pressures of pretrial activity, or of the importance of court-imposed deadlines, but when counsel requests a suppression hearing almost two weeks prior to trial and the day after receiving the grand jury transcript, which revealed a concern that the defendant had unsuccessfully inquired into at the preliminary hearing, we conclude that a denial of this request constitutes a clear abuse of discretion.

Chavez, 902 F.2d at 264.

---

agreement.

12

Chavez is distinguishable from the instant case on at least three counts: (1) Cross had all of the information necessary to file the motion to suppress on time, or in the alternative, re-file it at the arraignment or shortly thereafter; (2) the Government was not withholding any information from Cross; and most importantly, (3) Cross fails to demonstrate that his tardiness in filing was not due to "negligence, oversight, or laziness." Chavez, 902 F.2d at 263. Thus, Cross's attempted comparison to Chavez is without substance, and must fail.

Also, despite Cross's claims to the contrary, there is nothing in the record supporting the view that the district court had predetermined that any pretrial motions filed by Cross after the arraignment would be denied. Presumably, if Cross had provided any indicia of "good cause," as required by Rule 12(e), the district court would have considered the motion on its merits.

It is well known that "reviewing courts rarely grant relief from denials of untimely suppression motions." Chavez, 902 F.2d at 263. The factual circumstances underlying Cross's appeal do not fall into the rare category of cases that merit reversal of a district court's denial because Cross's motion to suppress was voluntarily withdrawn by Cross, Cross's motion to re-file was tardy, and Cross's motion to re-file failed to provide any excuse for its tardiness, much less a "dubious excuse." Chavez, 902 F.2d at 263. Thus, we find that the district court did not commit

13

error, let alone clear error, in denying Cross's motion to re-file his motion to suppress.

## III.

We conclude that the magistrate judge's actions during the arraignment and Rule 11 colloquy did not result in any harm to Cross's procedural or substantive rights and the district court did not commit clear error by denying Cross's motion to reinstate his motion to suppress. Thus, the district court's decision is affirmed.

<u>AFFIRMED</u>