# UNITED STATES *v.* HYDE

No. 96–667.   Argued April 15, 1997—Decided May 27, 1997

*James A. Feldman* argued the cause for the United States. With him on the briefs were *Acting Solicitor General Dellinger, Acting Assistant Attorney General Richard, Deputy Solicitor General Dreeben,* and *Patty Merkamp Stemler.*

*Jonathan D. Soglin,* by appointment of the Court, 519 U. S. 1106, argued the cause and filed a brief for respondent.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

Rule 32(e) of the Federal Rules of Criminal Procedure states that a district court may allow a defendant to withdraw his guilty plea before he is sentenced "if the defendant shows any fair and just reason."   After the defendant in this case pleaded guilty, pursuant to a plea agreement, the District Court accepted his plea but deferred decision on whether to accept the plea agreement.   The defendant then sought to withdraw his plea.   We hold that in such circumstances a defendant may not withdraw his plea unless he shows a "fair and just reason" under Rule 32(e).

A federal grand jury indicted respondent Robert Hyde on eight counts of mail fraud, wire fraud, and other fraud-related crimes.   On the morning of his trial, respondent indicated his desire to enter plea negotiations with the Government.   Those negotiations produced a plea agreement

---

*Lisa Kemler* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae* urging affirmance.

in which respondent agreed to plead guilty to four of the counts. In exchange, the Government agreed to move to dismiss the remaining four counts and not to bring further charges against respondent for other allegedly fraudulent conduct.

That afternoon, the parties appeared again before the District Court and submitted the plea agreement to the court, along with respondent's "application for permission to enter [a] plea of guilty." After placing respondent under oath, the court questioned him extensively to ensure that his plea was knowing and voluntary, and that he understood the consequences of pleading guilty, including the possibility of a maximum sentence of 30 years. The court asked respondent what he had done, and respondent admitted committing the crimes set out in the four counts. The court then asked the Government to set out what it was prepared to prove, and the Government did so. The court asked respondent whether he was pleading guilty because he was in fact guilty of the crimes set out in the four counts. Respondent said that he was. Finally, the court asked respondent how he pleaded to each count, and respondent stated "guilty."

The District Court concluded that respondent was pleading guilty knowingly, voluntarily, and intelligently, and that there was a factual basis for the plea. The court therefore stated that it was accepting respondent's guilty plea. It also stated that it was deferring decision on whether to accept the plea agreement, pending completion of the presentence report.

One month later, before sentencing and the District Court's decision about whether to accept the plea agreement, respondent filed a motion to withdraw his guilty plea. His motion alleged that he had pleaded guilty under duress from the Government and that his admissions to the District Court had in fact been false. After holding an evidentiary hearing, the court concluded that there was no evidence to support respondent's claim of duress, and that respondent

had not provided a "fair and just reason" for withdrawing his guilty plea, as required by Rule 32(e). The court therefore refused to let respondent withdraw his guilty plea. The court then accepted the plea agreement, entered judgment against respondent on the first four counts, dismissed the indictment's remaining four counts on the Government's motion, and sentenced respondent to a prison term of 2½ years.

The Court of Appeals for the Ninth Circuit reversed, holding that respondent had an absolute right to withdraw his guilty plea before the District Court accepted the plea agreement. 92 F. 3d 779, 781 (1996). The court reasoned as follows: First, before a district court has accepted a defendant's guilty plea, the defendant has an absolute right to withdraw that plea. *Id.,* at 780 (citing *United States* v. *Washman,* 66 F. 3d 210, 212–213 (CA9 1995)). Second, the guilty plea and the plea agreement are " 'inextricably bound up together,' " such that the court's deferral of the decision whether to accept the plea agreement also constitutes an automatic deferral of its decision whether to accept the guilty plea, even if the court explicitly states that it is accepting the guilty plea. 92 F. 3d, at 780 (quoting *United States* v. *Cordova-Perez,* 65 F. 3d 1552, 1556 (CA9 1995)). Combining these two propositions, the Court of Appeals held that "[i]f the court defers acceptance of the plea or of the plea agreement, the defendant may withdraw his plea for any reason or for no reason, until the time that the court does accept both the plea and the agreement." 92 F. 3d, at 781.

The Courts of Appeals for the Fourth and Seventh Circuits have reached the opposite conclusion on this issue. *United States* v. *Ewing,* 957 F. 2d 115, 118–119 (CA4 1992); *United States* v. *Ellison,* 798 F. 2d 1102, 1106 (CA7 1986). We granted certiorari to resolve the conflict, 519 U. S. 1086 (1997), and now reverse.

To understand why we hold that Rule 32(e) governs here, we must go back to Rule 11, the principal provision in the Federal Rules of Criminal Procedure dealing with the sub-

ject of guilty pleas and plea agreements. The Court of Appeals equated acceptance of the guilty plea with acceptance of the plea agreement, and deferral of the plea agreement with deferral of the guilty plea. Nothing in the text of Rule 11 supports these conclusions. In fact, the text shows that the opposite is true: Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time.

The prerequisites to accepting a guilty plea are set out in subdivisions (c) and (d) of Rule 11. Subdivision (c) says: "Before accepting a plea of guilty . . . , the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands," numerous consequences of pleading guilty. For example, the court must ensure the defendant understands the maximum possible penalty that he may face by pleading guilty, Rule 11(c)(1), and the important constitutional rights he is waiving, including the right to a trial, Rules 11(c)(3), (4). Subdivision (d) says: "The court shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, determining that the plea is voluntary."[1] The opening words of these two subdivisions are important: Together, they speak of steps a district court must take "[b]efore accepting a plea of guilty," and without which it "shall not accept a plea of guilty." Based on this language, we conclude that once the court has taken these steps, it may, in its discretion, accept a defendant's guilty plea. The Court of Appeals would read an additional prerequisite into this list: A district court shall not accept a plea of guilty without first accepting the plea agreement. But that "prerequisite" is absent from the list set out in subdivisions (c) and (d), strongly suggesting that no such addition is warranted.

---

[1] See also Fed. Rule Crim. Proc. 11(f) (court should not enter judgment on an accepted guilty plea without confirming that the plea has a factual basis).

Subdivision (e), which covers plea agreements, also contradicts the Court of Appeals' holding. That subdivision divides plea agreements into three types, based on what the Government agrees to do: In type A agreements, the Government agrees to move for dismissal of other charges; in type B, it agrees to recommend (or not oppose the defendant's request for) a particular sentence; and in type C, it agrees that the defendant should receive a specific sentence. As to type A and type C agreements, the Rule states that "the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report."[2] Rule 11(e)(2). The plea agreement in this case is a type A agreement: The Government agreed to move to dismiss four counts, did not agree to recommend a particular sentence, and did not agree that a specific sentence was the appropriate disposition. The District Court deferred its decision about whether to accept or reject the agreement.

If the court had decided to reject the plea agreement, it would have turned to subdivision (e)(4) of Rule 11. That subdivision, a critical one for our purposes, provides:

> "If the court rejects the plea agreement, the court shall . . . advise the defendant personally . . . that the court is not bound by the plea agreement, *afford the defendant the opportunity to then withdraw the plea,* and advise the defendant that if the defendant persists in a guilty plea . . . the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement." Rule 11(e)(4) (emphasis added).

---

[2] Under the Sentencing Guidelines, a district court is *required* to defer its decision about whether to accept a type A or type C agreement until after it has reviewed the presentence report, unless the court believes that a presentence report is not required. United States Sentencing Commission, Guidelines Manual § 6B1.1(c) (Nov. 1995) (USSG).

Thus, if the court rejects the agreement, the defendant can "then" withdraw his plea for any reason and does not have to comply with Rule 32(e)'s "fair and just reason" requirement. This provision implements the commonsense notion that a defendant can no longer be bound by an agreement that the court has refused to sanction.

Under the Court of Appeals' holding, however, the defendant can withdraw his plea "for any reason or for no reason" even if the district court does not reject the plea agreement, but merely defers decision on it. Thus, for the Court of Appeals, the rejection of the plea agreement has no significance: Before rejection, the defendant is free to withdraw his plea; after rejection, the same is true. But the text of Rule 11(e)(4) gives the rejection of the agreement a great deal of significance. Only "then" is the defendant granted "the opportunity" to withdraw his plea. The necessary implication of this provision is that if the court has neither rejected nor accepted the agreement, the defendant is not granted "the opportunity to then withdraw" his plea. The Court of Appeals' holding contradicts this implication, and thus strips subdivision (e)(4) of any meaning.

Not only is the Court of Appeals' holding contradicted by the very language of the Rules, it also debases the judicial proceeding at which a defendant pleads and the court accepts his plea. After the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea, the Court of Appeals would allow the defendant to withdraw his guilty plea simply on a lark. The Advisory Committee, in adding the "fair and just reason" standard to Rule 32(e) in 1983, explained why this cannot be so:

> "Given the great care with which pleas are taken under [the] revised Rule 11, there is no reason to view pleas so taken as merely 'tentative,' subject to withdrawal be-

fore sentence whenever the government cannot establish prejudice. 'Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment."'" Advisory Committee's Notes on Fed. Rule Crim. Proc. 32, 18 U. S. C. App., p. 794 (quoting *United States* v. *Barker*, 514 F. 2d 208, 221 (CADC 1975), in turn quoting *Brady* v. *United States*, 397 U. S. 742, 748 (1970)).

We think the Court of Appeals' holding would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.

The basis for the Court of Appeals' decision was its prior statement in *Cordova-Perez* that "[t]he plea agreement and the [guilty] plea are inextricably bound up together." 65 F. 3d, at 1556 (internal quotation marks omitted). This statement, on its own, is not necessarily incorrect. The guilty plea and the plea agreement are "bound up together" in the sense that a rejection of the agreement simultaneously frees the defendant from his commitment to plead guilty. See Rule 11(e)(4). And since the guilty plea is but one side of the plea agreement, the plea is obviously not wholly independent of the agreement.

But the Rules nowhere state that the guilty plea and the plea agreement must be treated identically. Instead, they explicitly envision a situation in which the defendant performs his side of the bargain (the guilty plea) before the Government is required to perform its side (here, the motion to dismiss four counts). If the court accepts the agreement and thus the Government's promised performance, then the contemplated agreement is complete and the defendant gets the benefit of his bargain. But if the court rejects the Gov-

ernment's promised performance, then the agreement is terminated and the defendant has the right to back out of his promised performance (the guilty plea), just as a binding contractual duty may be extinguished by the nonoccurrence of a condition subsequent. See J. Calamari & J. Perillo, Law of Contracts § 11–7, p. 441 (3d ed. 1987); 3A A. Corbin, Corbin on Contracts § 628, p. 17 (1960).[3]

If the Court of Appeals' holding were correct, it would also be difficult to see what purpose Rule 32(e) would serve. Since 1983, that Rule has provided: "If a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Under the Court of Appeals' holding, the "fair and just reason" standard would only be applicable between the time that the plea agreement is accepted and the sentence is imposed. Since the decision whether to accept the plea agreement will often be deferred until the sentencing hearing, see Rule 11(e)(2); USSG § 6B1.1(c), at which time the presentence report will have been submitted to the parties, objected to, revised, and filed with the court, see Fed. Rule Crim. Proc. 32(b)(6), the decision whether to accept the plea agreement will often be made at the same time that the defendant is sentenced. This leaves little, if any, time in which the "fair and just

---

[3] Respondent argues that it is unfair to bind the defendant to the terms of the plea agreement before the Government is so bound. He therefore argues that, as a policy matter, an interpretation of the Rules that results in such a differential treatment should be rejected. Even if respondent were correct in arguing that the defendant is bound before the Government is bound (a point we do not decide), the fact remains that our task here is not to act as policymaker, deciding how to make the Rules as fair as possible, but rather to determine what the Rules actually provide. Cf. *Carlisle* v. *United States*, 517 U. S. 416, 444–445 (1996) (district court may not use "inherent supervisory power" to correct perceived unfairness in application of Fed. Rule Crim. Proc. 29(a)'s 7-day time limit for filing motions for judgment of acquittal, if use of the power would "circumvent or conflict with the Federal Rules of Criminal Procedure").

reason" standard would actually apply. We see no indication in the Rules to suggest that Rule 32(e) can be eviscerated in this manner, and the Court of Appeals did not point to one.

Respondent defends this cramped understanding of Rule 32(e) by arguing that the "fair and just reason" standard was meant to apply only to "fully accepted" guilty pleas, as opposed to "conditionally accepted" pleas—*i. e.*, pleas that are accepted but later withdrawn under Rule 11(e)(4) if the plea agreement is rejected. He points out that the "fair and just reason" standard was derived from dictum in our pre-Rules opinion in *Kercheval* v. *United States*, 274 U. S. 220, 224 (1927), see Advisory Committee's Notes on Rule 32, 18 U. S. C. App., p. 794, and that *Kercheval* spoke of a guilty plea as a final, not a conditional, act, see 274 U. S., at 223 ("A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence"). He then argues that since the Rule 32(e) standard was derived from *Kercheval,* the Rule must also have incorporated the *Kercheval* view that a guilty plea is a final, unconditional act. Thus, since his guilty plea was conditioned on the District Court accepting the plea agreement, the Rule simply does not apply.

We reject this somewhat tortuous argument. When the "fair and just reason" standard was added in 1983, the Rules already provided that the district court could defer decision on whether to accept the plea agreement, that it could then reject the agreement, and that the defendant would then be able to withdraw his guilty plea. Guilty pleas made pursuant to plea agreements were thus already subject to this sort of condition subsequent. Yet neither the new Rule 32(e) nor the Advisory Committee's Notes accompanying it attempted to draw a distinction between "fully accepted" and "conditionally accepted" guilty pleas. Instead, the Rule simply

says that the standard applies to motions to withdraw a guilty plea "made before sentence is imposed." Respondent's speculation that the Advisory Committee, this Court, and Congress had the *Kercheval* view of a guilty plea in mind when Rule 32(e) was amended in 1983 is thus contradicted by the Rules themselves.

Respondent's only other substantial argument in defense of the Court of Appeals' holding relies on an interpretation of the Advisory Committee's Notes to Rule 32(b)(3). That Rule, concerning presentence reports, provides: "The report must not be submitted to the court or its contents disclosed to anyone unless the defendant has consented in writing, has pleaded guilty or nolo contendere, or has been found guilty." This Rule obviously does not deal at all with motions to withdraw guilty pleas, and any comments in the Advisory Committee's Notes to this Rule dealing with plea withdrawal could not alter the meaning of Rules 11 and 32(e) as we have construed them.

The judgment of the Court of Appeals is therefore

*Reversed.*