**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 99-4917

GROVER CARROLL GIBSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-99-102)

Submitted: June 30, 2000

Decided: July 12, 2000

Before MURNAGHAN and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis H. Lang, CALLISON TIGHE & ROBINSON, L.L.P., Colum-
bia, South Carolina, for Appellant. J. Rene Josey, United States Attor-
ney, Marshall Prince, Assistant United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Grover Carroll Gibson plead guilty to possession of a stolen firearm, in violation of 18 U.S.C.A. § 922(g)(1), (g)(3) (West Supp. 2000) and 18 U.S.C.A. § 924(a)(2) (West Supp. 2000). He was subsequently sentenced to 120 months' imprisonment. We affirm Gibson's conviction pursuant to his guilty plea and the resulting sentence.

On appeal, Gibson first maintains that the district court erred in denying his motion to withdraw his guilty plea because the plea allocution conducted by a magistrate judge was not binding on the district court until the district court accepted the plea and because Gibson moved to withdraw his plea prior to the district court's acceptance of the plea. At the conclusion of the Rule 11 hearing, the magistrate judge accepted Gibson's plea, but deferred acceptance of the plea agreement to the district court. In United States v. Hyde, 520 U.S. 670 (1997), the Supreme Court held that, when the defendant sought to withdraw his guilty plea after the district court had accepted the plea but before the district court had accepted the plea agreement, the defendant could not withdraw his plea unless he had shown "fair and just reason" for doing so. 520 U.S. at 673-74. The Court found that this holding was consistent with Fed. R. Crim. P. 32(e) which states that a district court may allow a defendant to withdraw his guilty plea before he is sentenced "if the defendant shows any fair and just reason." Id. at 671. See also United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992) (finding that once a guilty plea is accepted by the court, regardless of whether the actual plea agreement is accepted, a defendant is bound by his choice and may withdraw plea only by showing either fair and just reason or by withdrawing after a rejected plea agreement). Given that Gibson consented to the magistrate judge's presiding over the Rule 11 hearing at which time Gibson tendered his plea, we find that the magistrate judge's acceptance of the plea is equally binding and that Gibson must therefore present "fair

2

and just" reason to justify the withdrawal of the plea. Addressing Gibson's second argument, we agree with the district court's analysis of the factors enunciated in United States v. Moore , 931 F.2d 245, 248 (4th Cir. 1991), and its ultimate determination that Gibson did not present "fair and Just" reason to warrant the withdrawal of his guilty plea.

Last, Gibson argues that the district court erred by setting his base offense level at twenty-two pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (1998). Specifically, he maintains that, because North Carolina restored his civil rights following his 1987 state conviction for assault with a deadly weapon inflicting serious injury, the prior conviction could not be counted in setting his base offense level pursuant to USSG § 2K2.1(a)(3). We review the district court's application of the guidelines de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Because Gibson's restoration of civil rights contained an express limitation on his right to possess firearms and North Carolina was not prohibited from passing retrospective laws affecting the legal status of convicted felons, we find that the application of USSG § 2K2.1(a)(3) was appropriate. See United States v. Haynes, 961 F.2d 50, 52-53 (4th Cir. 1991) (finding that prior conviction could not serve as predicate conviction for purposes of 18 U.S.C.A. § 921(a)(20) when neither statute at the time of discharge nor certificate of discharge imposed any limitation on felon's right to possess firearms); United States v. McLean, 904 F.2d 216, 219 (4th Cir. 1990) (finding that North Carolina's Felony Firearms Act expressly provides the circumstances under which a person may not possess firearms).

Accordingly, we affirm Gibson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3