# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2142

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas |
| | * | |
| Ezra Earl Maglothin, Jr., also known | * | |
| as Scotty Maglothin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2001
Filed: February 13, 2001

_____

Before LOKEN and BYE, Circuit Judges, and BATAILLON,[1] District Judge.

_____

PER CURIAM.

Ezra Earl "Scotty" Maglothin contests the district court's[2] refusal to set aside his guilty plea, the calculation of his sentence, and the constitutional validity of his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). We affirm.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

In July 1999, Maglothin agreed to buy one pound of methamphetamine (meth) from a confidential government informant. The informant placed a briefcase with a pound of meth in Maglothin's car at a restaurant in Springfield, Arkansas. When Maglothin left the restaurant, government agents intercepted him at a stop light. Maglothin revved his engine and evaded the agents' roadblock. A brief high-speed chase ensued; the chase ended when Maglothin crashed his car. He lit the interior of the car on fire with a gas canister, then rolled from the burning car and was arrested.

Maglothin entered into a plea agreement with the government and pleaded guilty to conspiring to distribute meth, a violation of 21 U.S.C. §§ 841 & 846. As part of the deal, the government agreed to move for a downward departure at sentencing if Maglothin fully cooperated by providing agents with information leading to further investigations. In the months before sentencing, Maglothin was twice debriefed by FBI agents, but the agents investigating Maglothin's leads found them stale and unhelpful. Consequently, the government elected not to move for a downward departure at sentencing. After the Probation Office released its Presentence Report (PSR), Maglothin moved to withdraw his guilty plea. He argued that the government had prevented him from providing meaningful cooperation by refusing to release him from jail. Maglothin also objected to substantial portions of the PSR. The district court denied Maglothin's motion to withdraw his guilty plea, and overruled each of his objections to the PSR. The court ascertained a Guidelines range of 168 to 210 months, and sentenced Maglothin at the bottom of that range.

A defendant may not withdraw his guilty plea on a lark, for that would "degrade the otherwise serious act of pleading guilty." United States v. Hyde, 520 U.S. 670, 677 (1997). The district court may permit withdrawal if the defendant shows "any fair and just reason." Fed R. Crim. P. 32(e). "If a defendant does not present a fair and just reason for withdrawal of a guilty plea, however, there is no need to examine [additional] factors." United States v. Payton, 168 F.3d 1103, 1105 (8th Cir.) (citation omitted), cert. denied, 528 U.S. 843 (1999). In this case, the district court determined

that Maglothin did not proffer a single "fair and just reason" to withdraw his plea. We find no abuse of discretion in the district court's determination. See id. at 1105 (standard of review).

Maglothin didn't raise an Apprendi challenge in the district court, so we review his sentence for plain error. See United States v. Poulack, ___ F.3d ___, 2001 WL 15734, at *4 (8th Cir. Jan. 9, 2001). Maglothin's 168-month prison sentence doesn't violate due process because the statutory maximum sentence for an indeterminate quantity of meth is 240 months. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000). Maglothin appears to raise additional challenges under the rubric of Apprendi; we reject these challenges out of hand. See 8th Cir. R. 47B.

Finally, Maglothin raises four challenges to the calculation of his sentence under the Guidelines. We review the sentencing court's fact-findings for clear error, and its legal conclusions de novo. United States v. Moore, 212 F.3d 441, 445-46 (8th Cir. 2000). Maglothin contends that the court erroneously attributed a pound of meth to him; that the court erred in denying him a sentence reduction for acceptance of responsibility; that his sentence should have been reduced for playing a diminished role in the offense; and that the court improperly increased his sentence for risking death or serious bodily injury to another person while fleeing from a law enforcement officer. None of Maglothin's arguments has merit, and thus we affirm the district court's determinations of these issues. See 8th Cir. R. 47B.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.