**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kam Ming CHIN, Defendant—
Appellant.**

No. 01–10573.

D.C. No. CR 99–0508 RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2003.

Decided April 2, 2003.

Before NOONAN, TASHIMA, and
WARDLAW, Circuit Judges.

MEMORANDUM *

Kam Ming Chin ("Appellant") appeals from the district court's denial of his motion to withdraw his guilty plea. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

After a guilty plea has been accepted by the court, the defendant may only withdraw the plea if he presents a fair and just reason for the withdrawal. *See* Fed. R.Crim. Proc. 11(d)(2); *United States v. Hyde,* 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997). A defendant does not have a right to withdraw his guilty plea; "rather, the decision to allow withdrawal is within the sound discretion of the district court." *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir.1995). If the defendant did not request an evidentiary hearing, the district court's failure to conduct one is reviewed only for plain error. *United States v. Browne,* 318 F.3d 261, 264–65 (1st Cir.2003).

The district court did not abuse its discretion by denying Appellant's motion to withdraw his guilty plea based on his claims of actual innocence and coercion by his attorney. The district court rejected Appellant's version of the events and found that Appellant was guilty of the conspiracy charge and that his attorney had not coerced him. The district court properly relied on Appellant's testimony during the trial and the Rule 11 colloquy in making these findings. *See United States v. Lomow,* 266 F.3d 1013, 1017 (9th Cir.2001) (stating that a district court may consider all evidence before it when determining whether there was a factual basis for all elements of the offense charged when accepting a guilty plea); *United States v. Castello,* 724 F.2d 813, 815 (9th Cir.1984) (holding that court is entitled to credit testimony at Rule 11 hearing over subsequent affidavit in denying motion to withdraw guilty plea). The district court did not plainly err by not conducting an evidentiary hearing. *See United States v. Erlenborn,* 483 F.2d 165, 168 (9th Cir.1973) (holding that district court did not err in denying hearing on motion to dismiss guilty plea based on claim of attorney coercion where court's observation of defendant's behavior during Rule 11 hearing convinced it that the guilty plea was voluntary).

The district court's denial of Appellant's motion to withdraw his guilty plea is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.