**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Cristobal DeLeon FERNANDEZ,**
**Defendant—Appellant.**

No. 02–30070.

D.C. No. CR–01–06012–EFS.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 5, 2003.*

Decided May 14, 2003.

Before O'SCANNLAIN, GOULD, Circuit Judges, and BOLTON, District Judge.**

MEMORANDUM***

Defendant–Appellant Cristobal DeLeon Fernandez was convicted by a jury of conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. On appeal, Fernandez argues: (1) that the trial court erred in failing to hold a full evidentiary hearing to examine whether the government breached a plea agreement, (2) that there was insufficient evidence to convict him of possession with intent to distribute more than 500g of methamphetamine, and (3) that the trial court erred in giving him only a 2 level

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentencing deduction after finding early cooperation and an acceptance of responsibility. We affirm in part, reverse in part, and remand for re-sentencing.

■ This Court reviews the District Court's findings as to the existence and terms of the alleged plea agreement for clear error. *United States v. Helmandollar*, 852 F.2d 498, 501 (9th Cir.1988). The District Court properly considered whether an enforceable plea agreement existed and whether Fernandez detrimentally relied on a governmental plea offer. *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir.1992). Fernandez's reliance on *United States v. Hyde*, 520 U.S. 670, 670–73, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997), is misplaced. *Hyde* dealt with when a plea of guilty could be withdrawn from the Court, it did not change the rule that a plea agreement could be withdrawn by either party before being submitted to and accepted by the Court. *Hyde*, 520 U.S. at 670–73. The District Court did not clearly err in concluding that no enforceable plea agreement existed because a signed agreement had not been submitted to and accepted by the Court, and did not clearly err in determining that Fernandez did not detrimentally rely on the plea offer. *Id.*

This Court reviews a District Court's decision whether to conduct an evidentiary hearing for abuse of discretion. *See United States v. Sarno*, 73 F.3d 1470, 1502–03 (9th Cir.1995). Because no enforceable plea agreement existed, the District Court did not abuse its discretion in declining to hold an evidentiary hearing on the secondary issue of whether an existing plea agreement was breached. *United States v. Sarno*, 73 F.3d 1470, 1502–03 (9th Cir. 1995).

■ In reviewing a sufficiency of the evidence challenge, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the disputed issue was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Booth*, 309 F.3d 566, 574 n. 5 (9th Cir.2002). In this case, a co-conspirator testified that Fernandez transported five pounds of a mixture containing methamphetamine from California. A police officer corroborated this statement, and additionally testified that he sent the packets he seized to the Drug Enforcement Agency (DEA) in a heat-sealed package. A DEA chemist testified that she received a heat-sealed package. She further testified that she removed the drug mixture from the packaging before testing the substance for composition. She determined that the net weight of the substance seized was 2104 grams, 610.1 grams of which was pure methamphetamine. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that Fernandez possessed at least 500 grams of a substance containing a detectible amount of methamphetamine.

■ Whether a defendant is entitled to a sentencing adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Blanco–Gallegos*, 188 F.3d 1072, 1076 (9th Cir.1999). The government concedes that the District Court clearly erred in failing to grant Fernandez a third point for acceptance of responsibility pursuant to 3E1.1(b), after having determining that his early cooperation and truthful statements warranted a two-level decrease for acceptance of responsibility pursuant to 3E1.1(a). *United States v. Ramirez–Cortez*, 213 F.3d 1149, 1159 (9th Cir.2000); *Blanco–Gallegos*, 188 F.3d 1072, 1076–77 (1999). Therefore, although we affirm Fernandez's conviction, we remand for re-sentencing.

The decision below is AFFIRMED IN PART AND REVERSED IN PART. Fernandez's sentence is VACATED and this matter is REMANDED for re-sentencing.

