

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# USA v. Fuller

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Fuller" (2009). *2009 Decisions*. Paper 1847.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1847

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2898

_____

UNITED STATES OF AMERICA

v.

LISA FULLER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 06-cr-00086)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 5, 2009

Before: RENDELL and ROTH, Circuit Judges,
and PADOVA,* District Judge.

(Filed: February 20, 2009)

_____

OPINION OF THE COURT

_____

_____

\* Honorable John R. Padova, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Lisa Fuller appeals from a ruling of the District Court of the Middle District of Pennsylvania denying her motion to withdraw her guilty plea. Fuller initially pleaded guilty on October 31, 2006 to the making, uttering, or possessing of a forged security of an organization with intent to deceive another person or organization, in violation of 18 U.S.C. § 513(a). At her sentencing hearing on June 19, 2007, immediately prior to receiving her sentence, Fuller moved to withdraw her plea. Fuller argues on appeal that the District Court abused its discretion in denying her request. For the reasons stated below, we will affirm.

I.     **Background**

This case arises from an alleged check-forging scheme involving Fuller between January 2003 and November 2004 against her employer. In her capacity as bookkeeper, Fuller allegedly made out unauthorized payroll checks to herself, as well as unauthorized "loan" checks, and fraudulently signed the company owner's name.

On October 31, 2006, Fuller pleaded guilty, under oath, after hearing all of the pertinent details of the case including the elements of the charged offense, the facts alleged, and the applicable sentencing range. The District Court thoroughly questioned Fuller regarding whether her plea was knowing, voluntary, and intelligent. Fuller confirmed that she had not "had drugs or alcohol in the last 24 hours" and that she felt

2

fine.  (Supp. App. 3-4.)  She confirmed that she understood all of the charges and counts.

She also confirmed that she understood the significance of the plea and the rights she was

waiving, and that she was not subject to threat or coercion.  After hearing the factual

bases of the specific check-forging violations she was being charged with, the court asked

Fuller, "do you admit you did the things that he said you did?"  (Supp. App. 10-12.)

Fuller's response was "yes."  (Supp. App. 12.)

At her sentencing hearing on June 19, 2007, Fuller moved to withdraw the guilty

plea she had entered eight months before.  In reply to a question by her attorney as to

whether she was innocent, she responded "[a]bsolutely, and I never said otherwise."

(App. 3a.)  She also claimed she had taken five times the prescribed dosage of her

prescription drug the morning of her guilty plea proceeding.  Finally, she contended that

her plea was coerced because the Government threatened her with additional tax evasion

charges.  After a brief discussion, the Court denied her motion to withdraw or for a new

hearing, explaining:

> You should have been prepared for this, because today is the day - - the
> Defendant knew that she was going to be sentenced.  I have reviewed the
> colloquy in this case.  My colloquy with you was very thorough, and it was
> full and complete. . . .  Not only did I tell you what the charges were, they
> were read to you, and the exposures that you could suffer.  With regard to
> you having taken medication, I had specifically gone over that in length,
> whether or not you had medication in the past 24 hours.  You said that - -
> and you were under oath.  You told me that you had no medication
> whatsoever and you felt fine and everything else.  My examination of that is
> thorough, and I believe the record demonstrates that your guilty plea before
> me was intelligent, knowing and voluntary and without pressure on you to
> make in any way.  I agree with the Government that perhaps this is a ploy to

3

delay this proceeding, or secondly, that you're not satisfied with the guideline range. Your motion is denied. (App. 6a-7a.)

The Court subsequently sentenced her to 32 months imprisonment, accepting the 3-level downward departure requested by the Government. In her brief, Fuller further argues that she had been "cut off" at the sentencing hearing, and prohibited from explaining the reasons for her innocence.

## II. Jurisdiction

This court has jurisdiction to review a District Court's denial of a motion to withdraw a guilty plea under 28 U.S.C. § 1291. *United States v. Jones*, 336 F.3d 245, 251 (3d Cir. 2003).

## III. Discussion

"A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In *United States v. Martinez*, 785 F.2d 111 (3d Cir. 1985), this Court explained that "a criminal defendant has no absolute right to withdraw a guilty plea;" a trial court's determination regarding the withdrawal will be reviewed under an abuse of discretion standard. *Id.* at 113. In withdrawing a guilty plea, "[t]he burden of demonstrating 'fair and just' reason falls on the defendant, and that burden is substantial." *Jones,* 336 F.3d at 252 (citing

4

*United States v. Hyde*, 520 U.S. 670, 676-77 (1997); *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998)).

We have established three factors that "provide guideposts in evaluating whether a district court abused its discretion in determining whether a criminal defendant has asserted a 'fair and just' reason for withdrawal of a plea of guilty." *See Martinez*, 785 F.2d at 114. The three factors are: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by withdrawal; and (3) the strength of the defendant's reasons for moving to withdraw." *Id.* (internal quotation marks omitted). A defendant wishing to withdraw a guilty plea must "not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea." See *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992). If a defendant fails to meet his or her burden under factors one and three, the government need not show prejudice under factor two. *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995).

Every reason for withdrawal asserted by Fuller at her sentencing hearing was contradicted by her earlier statements. Nothing that Fuller presented, either at the sentencing hearing or since, explains the inconsistencies in her statements. Therefore, we cannot say that the District Court abused its discretion in concluding that Fuller failed to demonstrate adequate reasons for withdrawal.

5

Fuller's claims of over-medication and coercion were directly contradicted by her statements under oath at her plea hearing. She offered no reasons at the sentencing hearing to explain her previous answers. Furthermore, as to the coercion claim, we fail to see how threats of legitimate additional charges amount to anything other than the typical give-and-take in plea negotiations. The Supreme Court has held that "acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The record fully supports the District Court's decision not to credit Fuller's asserted reasons for withdrawal.

We also reject Fuller's claims that she and her attorney were cut off by the judge while she was trying to explain her reasons for withdrawal at the sentencing hearing. The record shows that Fuller and her attorney had ample opportunity to further develop this issue but chose not to do so. While exploring Fuller's grounds for withdrawal, her attorney asked a series of questions regarding her memory of the plea hearing, and then said "Thank you," apparently signaling that he was finished, at which point the prosecution proceeded to state its position. (App. 3a.) Nothing suggests they were cut off, nor did the defense offer any protest. The record is devoid of any support for Fuller's current claim of actual innocence, and is likewise devoid of any explanation for the inconsistencies between her two hearings as they relate to her asserted reasons.

6

Because Fuller was unable to support her claim of actual innocence or present sufficient reasons for withdrawal, the Government need not show prejudice.  We note however, that this eleventh hour plea change occurred eight months after Fuller's initial guilty plea, and a delay of several months can induce the Government to relax its evidence-gathering efforts in reliance on the guilty plea.  *See United States v. Brehm*, 442 F.3d 1291, 1298-99 (11th Cir. 2006).  This could be prejudicial.

**IV    Conclusion**

We accordingly conclude that the District Court was well within its discretion to deny the withdrawal of Fuller's plea, and we will AFFIRM the District Court on all grounds.

_____