13-179-cv
Asan v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fourteen.

PRESENT:   RALPH K. WINTER,
                    GUIDO CALABRESI,
                    REENA RAGGI,
                              *Circuit Judges*.

-----------------------------------------------------------------------
ADNAN ASAN,
                              *Petitioner-Appellant*,

                                                                          No. 13-179-cv

              v.

UNITED STATES OF AMERICA,
                              *Respondent-Appellee*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        WILLIAM C. MENARD (Raymond Lahoud, *on the brief*), Baurkot & Baurkot, Easton, Pennsylvania.

APPEARING FOR APPELLEE:         MICHAEL A. LEVY (Jessica R. Lonergan, Jennifer G. Rodgers, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Charles S. Haight, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 14, 2012, is AFFIRMED.

Adnan Asan appeals from the denial of his second petition for <u>coram nobis</u> relief from a 1984 conviction for using a telephone to facilitate a heroin conspiracy, <u>see</u> 21 U.S.C. § 843(b). Asan pleaded guilty to that lesser charge pursuant to a cooperation agreement, and he was sentenced to a non-incarceratory term of two years' probation. Despite Asan's cooperation, federal immigration authorities concluded that his narcotics conviction rendered him excludable from the United States and, in 2008, Asan was removed to Macedonia, where he is presently located. Asan submits that the district court erred in failing to grant him <u>coram nobis</u> relief from conviction because he entered his guilty plea without the effective assistance of counsel. We apply <u>de novo</u> review to the standards a district court applies to a <u>coram nobis</u> petition and, in the absence of any legal error, we review the denial of such relief for abuse of discretion. <u>See</u> <u>Porcelli v. United States</u>, 404 F.3d 157, 158 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1. *Coram Nobis* Standards

A writ of error coram nobis will be granted only in "extraordinary circumstances" to correct errors of "the most fundamental character." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted). To obtain such relief, a petitioner "must demonstrate that (1) there are circumstances compelling such action to achieve justice; (2) sound reasons exist for failure to seek appropriate earlier relief; and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Id. at 79 (internal citations and quotation marks omitted).

2. Waiver

The government contends not only that Asan generally fails to satisfy the first two coram nobis requirements but also that true waiver specifically precludes Asan from satisfying the second because his counsel expressly withdrew the ineffective assistance claim raised in Asan's first coram nobis petition. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (defining waiver as "intentional relinquishment or abandonment of a known right or privilege"); accord United States v. Velez, 354 F.3d 190, 196 (2d Cir. 2004). In concluding otherwise, the district court noted that Asan's withdrawn ineffectiveness claim appeared to charge counsel with omission rather than affirmative misrepresentation. We need not here decide if this is a distinction that defeats the government's waiver argument, much less whether it provides Asan with a sound reason not to have pursued misrepresentation along with omission in asserting ineffective

3

assistance of counsel in his first <u>coram nobis</u> petition. Even if these matters were resolved in Asan's favor, he would not be entitled to relief because the district court's findings of fact easily support its conclusion that Asan was not denied effective assistance of counsel and, therefore, that there are no extraordinary circumstances present to warrant a writ of error <u>coram nobis</u>.

3.      <u>Ineffective Assistance Claim</u>

A petitioner seeking to vacate his guilty plea on the ground of ineffective assistance of counsel bears a heavy burden in that he must show both that counsel's performance was objectively unreasonable and ensuing prejudice. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88, 693–94 (1984); <u>accord</u> <u>Bennett v. United States</u>, 663 F.3d 71, 84 (2d Cir. 2011). In concluding that Asan could not carry his burden on the first requirement, the district court conducted a thorough hearing at which it received telephonic testimony from Asan and live testimony from his wife, his former counsel, and the former prosecutor in the case. In a 38-page opinion, the district court carefully reviewed the evidence and convincingly explained why it credited counsel's account that, far from misrepresenting to Asan that he would <u>not</u> be deported, counsel was "absolutely certain" that he "conveyed to [Asan] a very high likelihood of deportation" that he faced "whether or not he cooperated, but the chance that he could avoid it, if at all, would be greater if he cooperated than otherwise." <u>Asan v. United States</u>, 907 F. Supp. 2d 426, 444 (S.D.N.Y. 2012) (quoting counsel's testimony).

4

We review a district court's findings of fact relevant to an ineffective assistance claim only for clear error, giving due regard to its unique opportunity to judge the credibility of witnesses it observes firsthand. See Bennett v. United States, 663 F.3d at 85; see also Fed. R. Civ. P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 574 (1985); Amalfitano v. Rosenbert, 533 F.3d 117, 123 (2d Cir. 2008). The record admits no clear error here, and the district court's credibility finding defeats Asan's Sixth Amendment claim. Even if the Asans themselves misconstrued counsel's statements to signal that there would be no deportation, the district court correctly concluded that their mistake could not be attributed to counsel so as to demonstrate objectively ineffective assistance.

In urging otherwise, Asan submits that, given the dangers he would face upon deportation in light of his cooperation, counsel was under a "heightened duty" to ensure Asan's clear understanding of the likelihood of deportation, making it objectively unreasonable for counsel not to have secured the assistance of an immigration attorney or an interpreter for discussions with Asan. The argument fails because Asan does not to show what more an immigration lawyer could have said to him in light of the district court's finding that defense counsel told Asan he faced likely deportation. As for an interpreter, the district court found that "the services of an interpreter were not required," Asan v. United States, 907 F. Supp. 2d at 443, and we cannot identify clear error in that determination given Asan's own declination of the district court's offer of an interpreter at his plea allocution. In that allocution, moreover, Asan stated, under oath, that he was guilty of the charged crime, that he had read the cooperation agreement and reviewed it

with counsel, that he was satisfied with counsel, and that no promises had been made to induce his guilty plea other than those contained in the agreement. Although Asan now denies each of these statements, the law accords great weight to such solemn, sworn pronouncements. See United States v. Hyde, 520 U.S. 670, 676–77 (1997); accord United States v. Arteca, 411 F.3d 315, 319–20 (2d Cir. 2005).

In sum, we accept the district court's findings of fact, which manifest no clear error, and, on de novo review of the application of relevant legal standards to those facts, we conclude, as the district court did, that Asan has failed to demonstrate his asserted Sixth Amendment violation and therefore warrants no relief from conviction.

We have considered Asan's remaining arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.[1]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Consistent with the government's representation at oral argument that it would be in communication with the appropriate immigration officials, we expect it will transmit a transcript of oral argument in this case, as well as Judge Haight's order, and whatever documents Asan's counsel may provide.