[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11467
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00204-MEF-CSC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSIE LEE MURPHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 13, 2014)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rosie Lee Murphy appeals her total 71-month sentence for conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and bank fraud, in violation of 18 U.S.C. § 1344.  Murphy argues that her plea agreement with the

government, which contained a specific offense level under the Sentencing Guidelines, was binding on the district court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (C), and thus the district court erred by rejecting it. After careful review, we affirm.

Rejection of a plea bargain is reviewed for abuse of discretion. See United States v. Bean, 564 F.2d 700, 703-04 (5th Cir. 1977).[1]  Federal Rule of Criminal Procedure 11(c)(1)(C) says that "the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Id. "To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed.R.Crim.P. 11(c)(3)(A).  The text of Rule 11 shows that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." United States v. Hyde, 520 U.S. 670, 674 (1997).  A district court does not abuse its discretion if it rejects a plea agreement because the agreement will result in too lenient a sentence under the circumstances. See Bean, 564 F.2d at 704.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Here, Murphy's argument -- that the district court did not have discretion to reject the plea agreement -- ignores Rule 11(c)(3)(A) and its explicit provision that the district court may reject a plea agreement. What's more, the plea agreement and the magistrate judge expressly told her that the district court could reject the plea agreement. As the Supreme Court has made clear, a district court, or magistrate judge, may accept a guilty plea, and may also defer deciding whether to accept a plea agreement. See Hyde, 520 U.S. at 674. The record here shows that at the sentencing hearing, the district court informed Murphy that it was rejecting her plea agreement because it found the negotiated sentence was inadequate to meet the purposes of the statutory punishment or the Guidelines. The district court then informed Murphy that she could either withdraw her guilty plea and go to trial, or go forward with sentencing without the benefit of the plea agreement, and Murphy chose not to withdraw her guilty plea and to go forward with sentencing. On this record, the district court did not abuse its discretion when it rejected Murphy's plea agreement because it concluded that the negotiated sentence -- somewhere in the Guidelines' range of 30 to 37 months' imprisonment -- was inadequate to meet the purposes of the Guidelines.

**AFFIRMED.**

3