COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP597**

STATE OF WISCONSIN

Cir. Ct. No. 2021TP27

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO E. B.-H., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

  V.

N. H.,

      RESPONDENT-APPELLANT.

         APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

¶1    WHITE, J.[1]  Nico appeals from the order denying him plea withdrawal to the grounds of the termination of parental rights (TPR) of his son, Everett.[2]  In his first appeal, we concluded that Nico made a prima facie case that his no contest plea to the grounds of the TPR was not knowing, intelligent, and voluntary, and this court granted him an evidentiary hearing on his claim.  The postdisposition court denied Nico's motion for plea withdrawal after the evidentiary hearing.  Upon review, we affirm.

## BACKGROUND

¶2    The circuit court terminated Nico's parental rights to his son, Everett, in June 2022.[3]  He moved to withdraw his no contest plea to the grounds in December 2022.  The postdisposition court denied his request in February 2023.  Nico appealed, and this court concluded that he had made a prima facie case for plea withdrawal and directed the postdisposition court to hold an evidentiary hearing on his claim.  *State v. N.H.*, No. 2022AP1945, unpublished slip op. (WI App Mar. 14, 2023) (discussing the factual background of Nico's first appeal).

¶3    Nico's claim was based on the circuit court misinforming him of the statutory standard for the disposition of the TPR petition.  At the initial

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reference and to protect the confidentiality of the proceedings, pseudonyms will be used to refer to the father and son.  See WIS. STAT. RULE 809.86.

[3] The Honorable Ellen R. Brostrom presided over the TPR proceedings including accepting Nico's no-contest plea and ordering termination as the disposition of the TPR petition. We refer to Judge Brostrom as the circuit court.  The Honorable Joseph R. Wall presided over the postdisposition proceedings and denied Nico's motion for plea withdrawal.  We refer to Judge Wall as the postdisposition court.

appearance, the circuit court described the State as having a burden "to prove by clear, convincing and satisfactory evidence" that it was in Everett's best interests to terminate Nico's parental rights as the disposition of the petition.

¶4 During the plea colloquy, the circuit court verified that Nico understood that in the grounds phase (1) he had the right to a trial on the grounds, either to a jury or the judge; (2) at least ten jurors out of twelve would need to agree if he chose a jury trial; (3) he would have the right to cross-examine the State's witnesses at trial; (4) he had the right to present witnesses and evidences in support of his case; (5) he had the right to testify, but that his silence could be used against him; and (6) it was the "State's burden to prove the grounds by clear, convincing, and satisfactory evidence to a reasonable certainty."

¶5 Also during the plea colloquy, the circuit court verified, through two questions, that Nico understood that by entering a plea on the grounds, he was not giving up his right to have a trial about whether it was in Everett's best interests to terminate Nico's parental rights. The court confirmed that Nico understood that in "the contested disposition hearing, there's no right to a jury; you have all those same trial rights, but it's always just a trial to the judge."

¶6 During the evidentiary hearing, Nico testified Everett's case was his only experience with the children's court system and he was satisfied with his attorney's representation. He testified he does not know what the definition of a burden of proof is. He testified that he understood the dispositional hearing was about Everett's "best interests" and that the judge would make the decision on the TPR petition based on the best interests of the child.

¶7 No additional witnesses were called and the postdisposition court denied Nico's motion for plea withdrawal. The court concluded that based on the

plea hearing transcript and Nico's testimony at the evidentiary hearing, the State had proven by clear and convincing evidence that Nico's no contest plea was entered knowingly, intelligently, and voluntarily.

¶8      This appeal follows.  Additional relevant facts are discussed below.

## DISCUSSION

¶9      Nico argues that the postdisposition court erred when it did not permit him to withdraw his no contest plea to the grounds of the TPR petition after the evidentiary hearing.  He asserts that the State failed to prove that his plea was entered knowingly, intelligently and voluntarily.  We conclude that Nico's claim fails on two bases: first, our supreme court clarified that misstatement of the burden outside of the plea colloquy does not necessarily establish a prima facie case that a plea was not entered knowingly, intelligently, and voluntarily, and second, the State satisfied its burden in the evidentiary hearing to show that Nico's plea was entered knowingly, intelligently, and voluntarily.

¶10      A TPR petition is decided in a two phase process.  For the first phrase, the State must prove the grounds for the TPR by clear and convincing evidence.  WIS. STAT. § 48.422 (2021-22).  For the second phase, if the grounds are proven, the circuit court exercises its discretion to determine whether the TPR is in the child's best interests.  WIS. STAT. §§ 48.426, 48.427.

¶11      If a parent enters a plea to the grounds phase, the circuit court must engage the parent in a colloquy, governed by the requirements of WIS. STAT. § 48.422(7) and due process, to ensure that the plea was entered knowingly, intelligently, and voluntarily.  *Kenosha Cnty. DHS v. Jodie W.*, 2006 WI 93, ¶25, 293 Wis. 2d 530, 716 N.W.2d 845.  A parent who entered a plea on the grounds

phase may move to withdraw that plea if the parent can show that the plea was not entered knowingly, intelligently, and voluntarily. ***Brown Cnty. DHS v. Brenda B.***, 2011 WI 6, ¶26, 331 Wis. 2d 310, 795 N.W.2d 730.

¶12 A parent seeking to withdraw a plea based on a failure to fulfill a duty in the plea colloquy must make a prima facie case (1) that the circuit court violated its statutory duties, and (2) that the parent did not understand the information that should have been provided at the hearing. ***Oneida Cnty. DSS v. Therese S.***, 2008 WI App 159, ¶6, 314 Wis. 2d 493, 762 N.W.2d 122. *See also* ***State v. Bangert***, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986) (describing a movant's requirement to make prima facie showing that a plea was accepted without the circuit court's conformance with mandatory procedures, commonly known as a ***Bangert*** violation). If the parent makes the prima facie case, the burden shifts to the State to show by clear and convincing evidence in an evidentiary hearing that the plea was entered knowingly, intelligently, and voluntarily despite the defect in the plea colloquy. ***Therese S.***, 314 Wis. 2d 493, ¶6.

¶13 Whether the State has met its burden to prove that a parent's plea was knowing, intelligent, and voluntary is a question of constitutional fact. *See* ***State v. Gomolla***, 2024 WI App 13, ¶18, 411 Wis. 2d 239, 4 N.W.3d 610. In our review, "we accept the circuit court's findings of historical and evidentiary fact unless they are clearly erroneous" and "[w]e independently determine whether those facts demonstrate that the [parent's] plea was knowing, intelligent, and voluntary." *See* ***State v. Hoppe***, 2009 WI 41, ¶ 45, 317 Wis. 2d 161, 765 N.W.2d 794.

¶14     In our previous decision, we concluded that Nico made a prima facie case for plea withdrawal.[4]   Nico urges us to apply the law of the case, which would mean that the question before us is whether the State met its burden in the evidentiary hearing, not whether he established a prima facie *Bangert* violation. *State v. Jensen*, 2021 WI 27, ¶13, 396 Wis. 2d 196, 957 N.W.2d 244 (discussing that under the law of the case rule, courts must "adhere to an appellate court's ruling on a legal issue 'in all subsequent proceedings in the trial court or on later appeal[,]'" unless a "'controlling authority has made a contrary decision of the law' on the same issue").

¶15     However, since this case was remanded and the evidentiary hearing was held, the Wisconsin Supreme Court clarified that references to "trial rights" in the plea colloquy alone did not establish a prima facie *Bangert* violation. *State v. B.W.*, 2024 WI 28, ¶67, 412 Wis. 2d 364, 8 N.W.3d 22.   Our supreme court concluded that a parent did not "make a prima facie showing under Bangert that the circuit court's reference to 'trial rights' meant that the clear, satisfactory, and convincing burden of proof applicable at the grounds phase, also applied at the disposition phase" when the circuit court "stated the correct standard at disposition—the best interests of the child." *Id.*   Therefore, as the basis of Nico's claim is that circuit court's statement on the burden of proof or standard of review

---

[4] In the evidentiary hearing, the postdisposition court acknowledged that the entire record supported Nico's prima facie case of a violation—there is no dispute that the circuit court described, during the initial hearing on the petition, that the State had a clear and convincing burden at the disposition of the TPR; however, the circuit court referred to the "best interests" of the child in the plea colloquy itself.  To meaningfully discuss the second phase of a TPR petition, the circuit court must inform the parent "of the statutory standard the court will apply" under WIS. STAT. § 48.426(2), that "[t]he best interests of the child shall be the prevailing factor considered by the court in determining the disposition[.]" *Oneida Cnty. DSS v. Therese S.*, 2008 WI App 159, ¶16, 314 Wis. 2d 493, 762 N.W.2d 122.

was only stated as a clear and convincing burden during the initial hearing, Nico's claim fails.

¶16 Further, we conclude that Nico's claim fails even if we relied upon our previous determination that a prima facie ***Bangert*** violation occurred. Based upon our examination of the record, the State satisfied its burden in the evidentiary hearing that Nico's plea was entered knowingly, intelligently, and voluntarily. During the evidentiary hearing, Nico testified that he did not understand what a burden of proof was, either at the time of his plea or during the evidentiary hearing. He stated that he entered the no contest plea because he wanted additional time to seek counseling and improve his case for the disposition. However, Nico's testimony and the entire record do not support that Nico's plea was affected by the misstatement at the initial hearing. As the postdisposition court stated, "if [Nico] had testified that he understood what clear and convincing evidence was and that the State would have a much higher burden of proof at disposition, we would see reliance" on the error in the initial hearing on the petition. But Nico's testimony at the evidentiary hearing does not support that his decision to plea was impacted by his understanding of the burden at the second phase of the TPR.

¶17 The record reflects that Nico expressly stated he understood the proceedings during the plea colloquy. Although he now claims he did not, we ultimately conclude that the plea colloquy sufficiently addressed the facts that support a knowing, intelligent, and voluntary plea and included the language of the TPR statutes. Further, Nico was given sufficient opportunity to ask questions about the proceedings. As such, we consider the plea colloquy valid. "A failure to recognize the implications of a valid plea colloquy would 'debase[ ] the judicial proceeding at which a [parent] pleads and the court accepts its plea.'" *See **State v.***

*Jenkins*, 2007 WI 96, ¶62, 303 Wis. 2d 157, 736 N.W.2d 24 (quoting *United States v. Hyde*, 520 U.S. 670, 676 (1997)).  Therefore, we conclude that Nico's claim also fails on the merits.

## CONCLUSION

¶18     For the reasons stated above, we affirm the postdisposition court's order.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.