[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10239
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60045-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEZMAN DUNBAR ZAMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2017)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Dezman Zama appeals his criminal convictions for aggravated identity theft and conspiracy to commit wire fraud and bank fraud. On appeal, Zama argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because it misunderstood the scope of its discretion and applied an unduly narrow standard. He contends that the district court incorrectly focused on the plea colloquy and whether his plea was knowing and voluntary, rather than on whether there was a fair and just reason supporting his request for withdrawal of his guilty plea. Additionally, he asserts that the fair and just reason standard remains unaffected by *United States v. Hyde*, 520 U.S. 670, 675-79 (1997), and that the government misconstrued *Hyde*'s holding in its brief.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). There is not an abuse of discretion unless the district court's denial of a motion to withdraw a guilty plea was "arbitrary or unreasonable." *Id.* "A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006). The defendant-movant carries the burden on a motion to withdraw a guilty plea. *Id.*

2

Prior to its acceptance by the court, the defendant may withdraw a guilty plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). After the district court has accepted a defendant's guilty plea, but before sentencing, the defendant may withdraw a guilty plea if: (1) the district court rejects a plea agreement that contains a binding sentencing recommendation or an agreement to dismiss charges; or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(A)-(B).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988). The district court is in the best position to assess the effect of withdrawal on judicial resources. *Id.* at 474. Further, "a district court need not find prejudice to the government before it can deny a defendant's motion to withdraw." *Id.* We have not given considerable weight to the third and fourth factors when a defendant is found to have had the close assistance of counsel and pled guilty knowingly and voluntarily. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (noting that we do not give particular attention

3

to the third and fourth factors if the first two have been satisfied); *see also United States v. McCarty*, 99 F.3d 383, 386 n.2 (11th Cir. 1996).

Moreover, the "good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *Brehm*, 442 F.3d at 1298.  Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Consequently, a defendant "bears a heavy burden" to show that his statements under oath were false.  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

In *Hyde*, the Supreme Court held that, where a defendant pleads guilty pursuant to a plea agreement and the district court accepts the plea but defers decision on whether to accept the plea agreement, the defendant may not withdraw his plea unless he shows a "fair and just reason" for the plea withdrawal (rather than for any or no reason).  520 U.S. at 671.  The Supreme Court stated that to allow a defendant to withdraw his plea in that circumstance without showing a "fair and just reason" debases the judicial proceeding at which a defendant pleads and the court accepts his plea.  *Id.* at 676.  The Supreme Court noted that allowing the defendant to freely withdraw his guilty plea "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id.*

4

Here, the district court did not abuse its discretion in denying Zama's motion to withdraw his guilty plea. As a preliminary matter, Zama is correct that *Hyde* did not affect the "fair and just" standard, as *Hyde*'s holding was limited to providing guidance on when a defendant needs to show a "fair and just" reason for withdrawing his guilty plea. *See id.* at 671-75. However, Zama is incorrect that the district court applied the wrong legal standard. Rather, the district court considered Zama's arguments regarding why he had a fair and just reason for withdrawing his pleas and found he did not establish sufficient cause for withdrawal because his reasons were belied by the plea colloquy. The district court's focus on the plea colloquy was not improper because it bore on the appropriate inquiries of whether the plea was knowing and voluntary, whether he had close assistance of counsel, and whether the totality of the circumstances otherwise supported his reasons for seeking to withdraw his plea.

The district court's denial of Zama's motion to withdraw his guilty plea was not arbitrary and capricious because the record abundantly supports that Zama's plea was knowing and voluntary, and he received close assistance of counsel. Zama's testimony at the plea colloquy that he had not been threatened or pressured into accepting his plea, and his attorney's testimony (and Zama's confirmation) at the motion hearing that the answers Zama gave at the plea colloquy were his own, establish that Zama's plea was knowing and voluntary. That Zama received close

5

assistance of counsel is shown by his attorney's testimony at the motion hearing that he discussed the specifics of the plea colloquy with Zama beforehand and had explained the possibility of open or partial pleas, the intended loss amount, and the impact of the appeal waiver as well as Zama's testimony at the plea colloquy that he and his attorney had fully discussed his case.

Moreover, Zama has not otherwise shown that there is a fair and just reason for withdrawing his guilty plea. Zama's reasons for his withdrawal request were belied by his testimony at the plea colloquy, and the district court was entitled to rely on Zama's plea colloquy answers in deciding on his motion to withdraw his guilty plea. *See Medlock*, 12 F.3d at 187. Also, Zama was inconsistent about whether he wanted to enter an open plea to all the charges or proceed to trial, and it appears that Zama decided he wanted to withdraw his guilty plea only after a codefendant was acquitted.

Accordingly, we affirm the district court's denial of Zama's motion to withdraw his guilty plea.

**AFFIRMED.**